IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROOSEVELT MAXWELL, #K7780** **PETITIONER**

**VS.** **CIVIL ACTION NO.: 3:06cv472-WHB-JCS**

**RAYMOND BYRD, WARDEN** **RESPONDENT**

---

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the undersigned on the Respondent's Motion to Dismiss Pursuant to §2244(d), docket entry no. 5, filed September 22, 2006. The Petitioner filed a response to the motion through his pleading styled "Motion in Opposition to Respondent's Motion to Dismiss Pursuant to 28 U.S.C. Section 2244(d)(1)" [docket entry no. 6], filed October 2, 2006. The Respondent filed a pleading in reply [docket entry no. 7] on October 9, 2006. The undersigned, having considered the motion, the memorandum and the record, concludes that it should be granted for the reasons that follow.

FACTS AND PROCEDURAL HISTORY

On August 22, 2001, Roosevelt Maxwell was convicted of murder (Count 1) and shooting into a dwelling (Count II) in the Circuit Court of Lincoln County, Mississippi. He was subsequently sentenced to serve a term of life imprisonment in Count I and a concurrent term of ten (10) years in Count II in the custody of the Mississippi Department of Corrections. **Exhibit A** to Respondent's Motion to Dismiss.[1] His conviction was affirmed by the Mississippi Court of

[1] Unless otherwise noted, all Exhibits are those exhibits referred to in the Respondent's Motion to Dismiss.

Appeals on April 29, 2003. *Maxwell v. State*, 856 So.2d 513 (Miss. Ct. App. 2003), *cert. denied*, January 6, 2005 (Cause No. 2001-KA-01583-COA). Maxwell did not file a petition for writ of certiorari in the United States Supreme Court.

On July 21, 2006, Maxwell filed an "Application for Leave to File Post-Conviction Motion into the Circuit Court of Lincoln [*sic*] Mississippi," and a "Brief in Support of Motion to Vacate Judgment and Sentence" in the Mississippi Supreme Court. **Exhibit C.** The motion was denied by that court on August 10, 2006. **Exhibit D.**

On August 22, 2006, Maxwell signed his Petition for Writ of Habeas Corpus in this cause, and it was received by the Clerk of the Court and filed on August 26, 2006. The cause is now before the Court on the Respondent's request that Maxwell's petition be dismissed as untimely.

DISCUSSION

The Respondent asserts that the instant petition is barred by the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d). This statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Asserting that Maxwell's petition does not fall within any of the exceptions listed in § 2244(d)(1)(B-D), the State argues that his petition is untimely. It contends his conviction became final **under AEDPA** on April 6, 2005, which was ninety days after the Mississippi Supreme Court denied Maxwell's petition for writ of certiorari (January 6, 2005, plus ninety days). Because Rule 13(1) of the United States Supreme Court Rules allows a defendant ninety days after the state court denied certiorari to seek certiorari from that Court, Maxwell's conviction under AEDPA became final when those ninety days expired. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (a state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., ninety days after the judgment is entered.)

The Respondent asserts that the AEDPA statute began running on that date, April 6, 2005, and continued running without being tolled by any "properly filed" application until it expired on April 6, 2006. Since Maxwell's state post-conviction filing on July 21, 2006, was after the

AEDPA statute had run, tolling did not occur; no state court post-conviction pleadings were filed within that year which would have tolled the statute. The Respondent concludes that Maxwell's habeas filing on August 22, 2006, was at least 138 days too late from the April 6, 2006, filing deadline, and no "rare and exceptional" circumstances have been set forth which would warrant an equitable tolling of the statute.

The undersigned's review of the relevant dates demonstrates that the movant's calculations regarding the timeliness of the petition are correct. Here, Maxwell's conviction became final for AEDPA purposes on April 5, 2005, ninety days after *certiorari* was denied by the Mississippi Supreme Court. The AEDPA one year period began running on that date and ran without tolling until April 5, 2006. The habeas petition signed August 22, 2006, received by the Clerk on August 28, 2006, was at least 138 days too late. The Petitioner does not dispute these calculations.

In response to the motion, the Petitioner concedes that his filing was late but contends that he falls within the exception created by 28 U.S.C. § 2244(d)(1)(B)— that he was prevented from filing timely due to a State created impediment. According to Maxwell, this impediment was the State's plan to relieve prison costs by utilizing private prisons to house inmates. Due to this, the Petitioner asserts that he has been "bounced back and forth between different private and state prisons." **Petitioner's response, p. 2.** This constant state of movement frustrated his legal research and impeded the timely filing of his legal work. The private facilities he was housed in during the one year after his conviction was final were "mostly ran as an extension to the county jail, without immediate access to any legal or law library services." *Id.*

Not only does Maxwell claim statutory tolling, he also contends that he is entitled to equitable tolling under these circumstances. He requests an evidentiary hearing to resolve the question of whether there were "rare and exceptional circumstances" that prevented his timely filing and tolled the AEDPA statute in his favor.

The Petitioner claims that his untimeliness is excused by "statutory tolling," or an exception contained in the AEDPA statute itself, 28 U.S.C. § 2214(d)(1)(D). Section 2244(d)(1)(B) provides that the one-year statute of limitations for habeas petitions begins on the latest of several events, including "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." In *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), the Court considered whether the inadequacy of a state's prison law libraries constituted such an impediment. *Id.* at 436. The library in question lacked any federal materials, and no other arrangements had been made to apprise prisoners of their rights. Rejecting the state's argument that an inadequate law library could not be an impediment because it was not an "affirmative act" preventing the filing of a habeas petition, the Court held that the library was constitutionally inadequate, in violation of the First and Fourteenth Amendments. Thus, the failure to provide adequate research materials was an "impediment" for purposes of §2244(d)(1)(B).

In making that ruling, the Court stopped short of permitting a dearth of research material to excuse every late filing, concluding, "an inadequate prison law library **may** constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B)." *Id*. at 439 (emphasis added). In *Egerton*, the prisoner promptly filed his state, and then his federal, habeas petitions after being moved to a facility with an adequate law library. His case was, thus,

distinguishable from *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000), where the prisoner waited six months after the impediment was removed to file his petition, and *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), where the prisoner filed his petition before the impediment was removed.

The Petitioner did not set forth the names of the private facilities he was housed in during this period, or the dates he was incarcerated in these various facilities for the period he was "bounced back and forth." He gives no evidence of any attempts he made to receive legal assistance or any details concerning the legal materials he did have access to during this time. In its Reply, the State points out that the Petitioner does not assert an absence of information regarding the AEDPA; he simply asserts that he did not have "immediate access" to inmate legal services when he was trying to exhaust his state court remedies.

The relevant period of time in Maxwell's case is April 6, 2005, until April 6, 2006, while the AEDPA limitations period was running. According to the Respondent, the Mississippi Department of Corrections' Inmate Locator Service indicates that Maxwell was housed at Delta Correctional Facility during this year, and he had been housed there continuously since June 8, 2004. This rebuts his contentions that he was moved from prison to prison during the pertinent period, and Maxwell has not presented any argument to rebut the MDOC records.

Even if he were moved within the MDOC system to private facilities, this does not necessarily present an impediment to filing a post-conviction motion. The Respondent attached to its motion an Affidavit of Ms. Gia McLeod, the Director of the Inmate Legal Assistance Program [ILAP] for the Mississippi Department of Corrections. She avers that ILAP is designed to assist any state inmate who requests help, and that all inmates are informed regarding ILAP

upon their entry to MDOC custody. According to Ms. McLeod, to gain assistance, the inmate must simply submit a request. Each state facility and each private facility has an office, including the Delta Correctional Facility, and this was true during the period of time from April, 2005, to April, 2006. According to the Respondent, a prisoner should at least be able to give evidence confirming that he requested legal help and was denied it prior to claiming that it was unavailable.

Given these circumstances, the undersigned is of the opinion that Maxwell should be precluded from claiming a state-created impediment to filing his habeas petition. He simply has not set forth allegations with specificity to show that he actually requested and was denied legal assistance during the pertinent year. He has not disputed that ILAP existed during that year for MDOC prisoners, or that he was not provided information packets regarding ILAP. Moreover, he has not shown the details of where he was incarcerated during that year, and for what periods of time. However, our conclusion in regard to statutory tolling does not end the tolling analysis. The Fifth Circuit, in *Egerton*, distinguished the §2244(d)(1)(B) analysis for statutory tolling from the analysis to be performed in considering whether the limitations period should be equitably tolled. 334 F.3d at 437. The Court introduced equitable tolling in the context of the AEDPA's statute of limitations in *Davis v. Johnson,* 158 F.3d 806, 807(5th Cir. 1998). There, the Court held that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction. As such, the statute could be equitably tolled, albeit only in "rare and exceptional circumstances." *Id.* at 811. The Court discussed what circumstances might meet this standard in the case of *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999), *cert. denied,* 531 U.S. 1035 (2000), where it concluded that mere ignorance of the law or of filing deadlines did not justify equitable tolling.

Again, in *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000), the Court rejected claims that proceeding *pro se*, having an inadequate law library, and being ignorant of the law constituted "rare and exceptional circumstances" to justify equitable tolling. The Court noted that it is typical for § 2254 prisoners to be *pro se,* and not having an attorney is simply not a "rare and exceptional" circumstance. *Id.* at 171. Holding otherwise would render "rare" circumstances that "countless other prisoners could claim as their own." *Id.* at 173. *Felder* quoted *Fisher* in stating that the "same concept would apply equally to many other prisoners and in different variations of delayed information, becoming a judicial tolling rule. Such broad decisions are for Congress, not equity." *Fisher*, 174 F.3d at 715.

Equitable tolling may excuse late filing of a habeas petition where the petitioner's tardiness is the result of his being "actively misled by the defendants about the cause of action or . . . prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Where the delay is not external to the prisoner, but results from his own error, equitable tolling will not be applied. *Fierro v. Cockrell*, 294 F.3d 674, (5th Cir. 2002) (petitioner's mistaken belief that statute of limitations did not apply to second petition, even if reasonable at the time, did not justify equitable tolling). Similarly, an error committed by the petitioner's counsel does not amount to the rare and exceptional circumstance that justifies equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002).

Applying the law as set forth by the Fifth Circuit, the undersigned finds that the circumstances claimed by Maxwell are insufficient to justify the tolling of the AEDPA statute; his circumstances simply are not "rare and exceptional." The Fifth Circuit has refused to consider a

petition filed four days beyond the expiration of the limitations period in a death penalty case. *Lookingbill v. Cockrell*, 293 F. 3d 256, 263 (5th Cir. 2002). In so doing, the court observed:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.

*Id*. at 264-65. The Fourth Circuit has refused to consider a habeas petition filed **one day** late in a death penalty case. *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003).

The AEDPA statute of limitations should be strictly construed in order for predictability and finality to occur in the application of the AEDPA. Many prisoners are not familiar with the AEDPA, but the ILAP is available to MDOC prisoners if they make requests for legal assistance in the manner set forth by the prisons. Maxwell has not shown that his case is unusual or that his circumstances are so extraordinary that tolling should be applied, either statutory or equitable.

Maxwell has requested that an evidentiary hearing be conducted in this cause regarding his claim that he was "actively misled or prevented in some extraordinary way from asserting his rights." **Petitioner's response, p. 5.** The undersigned finds that Maxwell has not set forth sufficient allegations of disputed facts to be resolved which would entitle him to tolling. No hearing is necessary, as ". . . a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims." *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). Maxwell has made conclusory allegations with no underlying basis of fact to warrant a hearing. For example, he gives no factual basis to show he was housed in numerous prisons for the year of April 5, 2005, through April 5, 2006, such as the dates and names of the prisons. He does

not assert that he made written requests for legal assistance and was denied assistance, or that ILAP was not available to him had he followed the MDOC guidelines. He does not explain why the MDOC records indicating that he was housed in Delta Correctional Facility for the pertinent year could be erroneous. The simple assertions that he was moved from prison to prison and was "without immediate access to any legal or law library services" are insufficient to warrant a full evidentiary hearing on the claims.

CONCLUSION

It is the recommendation of the undersigned United States Magistrate Judge that the Respondents' Motion to Dismiss Pursuant to § 2244(d) [#5] be **granted,** and that the Petition for Writ of Habeas Corpus filed by Roosevelt Maxwell be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. § 2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of November, 2006.

/S James C. Sumner
UNITED STATES MAGISTRATE JUDGE