IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**ROOSEVELT MAXWELL, #K7780**                                          **PETITIONER**

**VS.**                                    **CIVIL ACTION NO. 3:06cv472-WHB-JCS**

**RAYMOND BYRD, WARDEN**                                               **RESPONDENT**


### OPINION AND ORDER

This cause is before the Court on the Objection of Petitioner Roosevelt Maxwell ("Maxwell") to the Report and Recommendation entered by Magistrate Judge James C. Sumner on November 20, 2006.[1] Having considered the Objection, the Court finds it is not well taken and should be denied.

This case arises out of Maxwell's conviction and sentence by the Circuit Court of Lincoln County, Mississippi, for the crimes of murder and shooting into a dwelling. The conviction was affirmed by the Mississippi Court of Appeals on April 29, 2003, and the Mississippi Supreme Court denied certiorari on January 6, 2005. See Maxwell v. State, 856 So. 2d 513 (Miss. Ct. App. 2003), cert. denied, Jan. 6, 2005 (Cause No. 2001-KA-01583-COA). Maxwell did not petition the United States Supreme Court for a writ of certiorari to review the decision of the Mississippi appellate courts.

---

[1] On December 12, 2006, Respondent informed the Court that he would not be filing a response to Petitioner's Objection.

On July 21, 2006, Maxwell filed an "Application for Leave to File Post-Conviction Motion into the Circuit Court of Lincoln County, Mississippi" with the Mississippi Supreme Court. The Mississippi Supreme Court denied the Application on August 10, 2006, upon finding: (1) Maxwell's claim that the underlying indictment was improperly amended was "without merit", and (2) Maxwell's claim of ineffective assistance of counsel did "not pass the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984)."

On August 22, 2006, Maxwell submitted to this Court a Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254, and the Petition was received by the Clerk of Court on August 28, 2006. On September 22, 2006, Respondent filed a motion seeking dismissal of the Petition on the basis that is was untimely filed. After briefing was completed, United States Magistrate Judge James C. Sumner entered a Report and Recommendation ("R and R") on November 20, 2006, recommending that the Petition be dismissed as untimely. In the R and R, Judge Sumner found that to be timely under the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], codified at 28 U.S.C. § 2244(d), Maxwell was required to file his Petition for federal habeas relief on or before April 6, 2006. See R and R, at 4. As Maxwell's Petition was not filed until August 22, 2006, Judge Sumner found, and this Court agrees, that the Petition was time barred. See 28 U.S.C. § 2244(d) (providing persons in custody

pursuant to a state court judgment a one-year period in which to seek federal habeas corpus relief).

Judge Sumner next considered whether the applicable one-year period was extended either (1) by one or more of the exceptions enumerated in 28 U.S.C. § 2244(d), or (2) by the doctrine of equitable tolling.  Although Maxwell argued that he was prevented from timely filing his writ for federal habeas corpus due to a state-created impediment – specifically, that he had been "bounced back and forth between different private and state prisons" and was therefore denied "immediate access to any legal or law library services" – Judge Sumner found these allegations were not supported by the record.  See R & R, at 6 (citing to evidence that Maxwell had not been "bounced back and forth between private and state prisons" as he alleged but, instead, was continuously housed at Delta Correctional Facility since June 8, 2004).  See also id. at 6-7 (citing to evidence that the Mississippi Department of Corrections ("MDOC"), under its Inmate Legal Assistance Program ("ILAP"), provides legal assistance to any inmate within the system who requests assistance, and that all inmates are given information regarding the ILAP upon their entry to MDOC custody).  Because Maxwell failed to provide any details regarding the locations at which he had been incarcerated during the relevant one-year period, and likewise failed to allege that he actually requested but was denied legal assistance under the ILAP, Judge Sumner found that the

applicable one-year statute of limitations was not statutorily tolled under any of the exceptions enumerated in 28 U.S.C. § 2244. On the issue of equitable tolling, Judge Sumner found that Maxwell's allegations were insufficient to constitute "rare and exceptional circumstances" as are required to warrant relief under that doctrine.  See R and R, at 7-9.

Upon finding that Maxwell's Petition for federal habeas corpus relief was filed after the applicable one-year statute of limitations expired, and that the statute of limitations was not tolled either statutorily or equitably, Judge Sumner recommend that the Respondent's Motion to Dismiss be granted, and that Maxwell's Petition be dismissed, with prejudice, as untimely.

A district judge has authority to review a magistrate judge's R and R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of a R and R to which a specific written objection has been made.  See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions.  Id.

The only specific objection made by Maxwell is:  "Petitioner objects to the magistrate judge's conclusion that this petitioner failed to raise "rare and exceptional circumstances" in his objection to the Respondents' Motion to Dismiss that would justify

4

equitable tolling."  <u>See</u> Objection, at 1.  This Court has reviewed the allegations and objections in Maxwell's pleadings, and finds as did Judge Sumner, that in accordance with the decisions of the United States Court of Appeals for the Fifth Circuit cited in the R and R, Maxwell has failed to demonstrate any rare or exceptional circumstance in this case that would warrant equitable tolling.  The Court additionally finds, as did Judge Sumner, that an evidentiary hearing in this case is not required.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 8] is hereby accepted and adopted.

IT IS FURTHER ORDERED that Petitioner's Objection [Docket No. 9] is hereby denied.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss [Docket No. 5] is hereby granted.  A Final Judgment dismissing Maxwell's Petition for Writ of Habeas Corpus with prejudice shall be entered this day.

SO ORDERED this the 3rd day of January, 2007.

<u>s/ William H. Barbour, Jr.</u><br>
UNITED STATES DISTRICT JUDGE